**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) | Civil Action No. |
| v. | ) ) | |
| DERMATOLOGISTS OF CENTRAL STATES, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

## <u>MOTION FOR LEAVE TO FILE A "PLACEHOLDER" MOTION</u>

Pursuant to Local Rule 23.3 and Federal Rule 23, Plaintiff Sandusky Wellness Center, LLC ("Sandusky Wellness") Inc. respectfully seeks leave to file a "placeholder" motion for class certification. This Motion is supported by the following Memorandum in Support.

Respectfully submitted,

SANDUSKY WELLNESS CENTER, LLC, individually and as the representative of a class of similarly-situated persons,

*/s/ Matthew E. Stubbs*
MATTHEW E. STUBBS – Ohio Bar #0066722
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, OH 45202
Phone: (513) 241-4722 / Fax: (513) 768-9227
Email: mstubbs@mojolaw.com

Ryan M. Kelly (*pro hac vice to be submitted*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Phone: (847) 368-1500 / Fax: (847) 368-1501
Email: rkelly@andersonwanca.com

1

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      <u>STATEMENT OF FACTS</u>**

This case arises from apparent violations of the Telephone Consumer Protection Act ("TCPA"), a federal law that has been in effect for over twenty years. Under the TCPA, which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, it is unlawful to send unsolicited advertisements to someone's fax machine.[1] Under the JFPA, an "unsolicited advertisement means any material advertising the commercial availability or quality of any property, good, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."[2]

Plaintiff Sandusky Wellness received an advertisement via its office facsimile machine on August 26, 2021 ("the Fax") for products and/or services of Defendant Dermatologists of Central States, LLC. Defendant had not sought Plaintiff's permission to use its fax machine to transmit advertisements, and the Fax did not display the required opt-out notice. Although the JFPA does provide for statutory damages, these damages are too minimal to justify a stand-alone lawsuit by an individual plaintiff. Consequently, Sandusky Wellness has brought this action to recover on its own claim but also for the benefit of the class of persons to whom Dermatologists of Central States sent the Fax.

One tactic commonly employed by defendants in junk fax cases is to pick-off the named plaintiffs with an offer to settle their individual claim.  In *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), the Supreme Court held "an unaccepted settlement offer or offer of

---

[1]      47 U.S.C. 227(b)(1)("It shall be unlawful for any person . . . to send, to a telephone facsimile machine, an unsolicited advertisement").

[2]      47 U.S.C. § 227(a)(5)

judgment does not moot a plaintiff's case," and "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." Relying on *Campbell-Ewald,* the Sixth Circuit Court of Appeals affirmed a district court's denial of a motion to dismiss based on a pick-off settlement attempt in *Family Health Chiropractic, Inc. v. MD On-Line Sols., Inc.*[3] Nevertheless, following *Campbell-Ewald*, defendants in some class actions have attempted alternative ways to pick off the named plaintiff with offers of judgment, seeking leave to deposit funds with the court in the amount of the proposed judgment, *etc.* Before *Campbell-Ewald,* the Sixth Circuit held that where there "was no motion for certification pending when the [defendant] made its settlement offer" and the plaintiffs accepted the offer, the plaintiffs could not also continue to pursue class certification.[4] However, the Sixth Circuit had also held that "where a settlement offer is made to a named plaintiff while a motion for class certification is pending" and the plaintiff refuses the offer, the named plaintiff may still pursue class certification.[5] Thus, in order to protect against any alternative pick-off attempts following *Campbell-Ewald*, Sandusky Wellness seeks to maintain this "placeholder" motion for class certification. *See Charvat v. Nat'l Holdings Corp.*, 2015 U.S. Dist. LEXIS 67767, 19-20 (S.D. Ohio 2015) (S.D. Ohio 2015)(holding "placeholder" motion unnecessary but "if the timing of Plaintiff's motion for class certification is the dispositive factor, the Court notes that such a motion was pending at the time Defendant served the Offer").

---

[3]     632 Fed. Appx. 259, 260 (6th Cir. 2016)("Because the Supreme Court's decision in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 193 L. Ed. 2d 571, 2016 U.S. LEXIS 846, 2016 WL 228345 (U.S. 2016), controls the issue in this appeal, the district court's denial of the motion to dismiss was proper.")

[4]     *Brunet v. City of Columbus*, 1 F.3d 390, 400 (6th Cir. 1993)("In the present case, there was no motion for certification pending when the City made its settlement offer. Moreover, Tudor and Meyer accepted the offer before a motion was even filed.")

[5]     *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005).

Under these circumstances, Sandusky Wellness would normally file an immediate motion for class certification to block any pick-off settlement attempts. However, under Local Rule 23.3, the filing of such motions is prohibited until the Rule 26(f) conference.[6] Accordingly, Sandusky Wellness requests leave to file a motion for class certification for the sole purpose of blocking any pick-off settlement attempts. If permitted to file the motion, Sandusky Wellness will withdraw it upon an agreement by Dermatologists of Central States that it will not attempt to pick off the claim of Sandusky Wellness. A copy of the proposed motion for class certification is attached hereto as Exhibit A.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Sandusky Wellness Center, LLC respectfully requests that this Court grant it leave to file the proposed motion for class certification.

Respectfully submitted,

SANDUSKY WELLNESS CENTER, LLC, individually and as the representative of a class of similarly-situated persons,

/s/ Matthew E. Stubbs
MATTHEW E. STUBBS – Ohio Bar #0066722
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, OH 45202
Phone: (513) 241-4722
Fax:  (513) 768-9227
Email: mstubbs@mojolaw.com
Ryan M. Kelly (pro hac vice to be submitted)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Phone: (847) 368-1500
Fax:  (847) 368-1501

---

[6] Local Rule 23.3 of the United States District Court for the Southern District of Ohio ("No motion to certify a class shall be filed before the Rule 26(f) conference except by agreement of the parties or order of the Court.")

Email: rkelly@andersonwanca.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record. I further certify that the foregoing document will be served on the Defendant via US Mail, postage prepaid, this 2nd day of August, 2022.

*/s/ Matthew E. Stubbs*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| SANDUSKY WELLNESS CENTER, LLC, and Ohio limited liability company, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) ) | |
| DERMATOLOGISTS OF CENTRAL STATES, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S "PLACEHOLDER" MOTION FOR CLASS**
**CERTIFICATION AND BRIEF IN SUPPORT**

Plaintiff, SANDUSKY WELLNESS CENTER, LLC, files this "placeholder" motion for

class certification in order to prevent against a "buy-off" attempt, a tactic class-action defendants

sometimes use to attempt to prevent a case from proceeding to a decision on class certification

by attempting to "moot" the named plaintiff's claims by tendering the plaintiff individual (but

not classwide) relief.  Plaintiff submits its accompanying brief in support.

Respectfully submitted,

SANDUSKY WELLNESS CENTER, LLC,
individually and as the representative of a class of
similarly-situated persons

By: /s/ *Matthew E. Stubbs*
Matthew E. Stubbs – Ohio Bar #0066722
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, OH  45202
Telephone:  513-241-4722 / Fax:  513-786-9227
mstubbs@mojolaw.com

**BRIEF IN SUPPORT OF PLAINTIFF'S
"PLACEHOLDER" MOTION FOR CLASS CERTIFICATION**

**STATEMENT OF ISSUES PRESENTED**

1.      Whether the Court should allow Plaintiff to keep a motion for class certification on file in order to protect against any attempt by Defendant(s) to "pick-off" its individual claims in order to "moot" the case before the Court can decide the issue of class certification.

**CONCISE STATEMENT OF REASONS TO ALLOW MOTION TO STAND**

In *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), the Supreme Court held "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," and "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." The Sixth Circuit applied *Campbell-Ewald* in an unreported opinion in *Family Health Chiropractic, Inc. v. MD On-Line Sols., Inc.*, No. 15-3508, 2016 WL 384823, at *1 (6th Cir. Feb. 2, 2016).

In *Wilson v. Gordon*, 822 F.3d 934, 949-50 (6th Cir. 2016), the Sixth Circuit held that, even where "[t]he parties [did] not dispute that all eleven named plaintiffs' individual claims became moot before the district court certified the class," the "picking-off" exception applied and allowed the named plaintiffs with moot individual claims to pursue class certification, which would "relate back" to the filing of the complaint, applying *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980). The Sixth Circuit held this ruling was consistent with *Campbell-Ewald*, 136 S. Ct. at 672, which refused to put defendants "in the driver's seat" on class certification. *Id.* at 950.

The named plaintiffs in *Wilson* had filed a "contemporaneous" motion for class certification the same day as the complaint. *Id.* The Sixth Circuit recognized that "the district court in *Roper* already had denied the motion for class certification when the defendant sought to pick off the named plaintiff," while the district court in *Wilson* ruled on class certification *after* the plaintiffs' claims became moot. *Id.* at 948. It held there was "no distinction" there because "[i]n both scenarios, the defendant is on notice that the named plaintiff wishes to proceed as a class, and the concern that the defendant therefore might strategically seek to avoid that possibility exists." *Id.*

Thus, in order to protect against any alternative pick-off attempt following *Campbell-Ewald*, Plaintiff seeks to maintain this "placeholder" motion for class certification, like the named plaintiffs in *Wilson*.

## <u>SUPPORTING AUTHORITY</u>

**Cases:**

*Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)

*Wilson v. Gordon*, 822 F.3d 934 (6th Cir. 2016)

*Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005)

*Brunet v. City of Columbus,* 1 F.3d 390 (6th Cir. 1993)

<u>**Argument**</u>

**I.     The Court should allow this motion to remain "pending" to protect the putative class against any attempt to escape class certification by buying off the named Plaintiff.**

In *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016), the Supreme Court held in a class action under the Telephone Consumer Protection Act of 1991 ("TCPA"), like this case, that "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case," and "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." The Supreme Court refused to "place the defendant in the driver's seat" on the issue of class certification by allowing it to pay a nominal sum to the named plaintiff "to avoid a potential adverse decision, one that could expose it to damages a thousand-fold larger than the bid [the plaintiff] declined to accept." *Id.* The Sixth Circuit applied *Campbell-Ewald* in an unreported opinion in *Family Health Chiropractic, Inc. v. MD On-Line Sols., Inc.*, No. 15-3508, 2016 WL 384823, at *1 (6th Cir. Feb. 2, 2016), affirming a denial of a motion to dismiss a putative TCPA class action based on mootness.

In the wake of *Campbell-Ewald*, defendants in some class actions began trying to find alternative ways to "pick off" the named plaintiff's claims other than an offer of judgment, such as seeking leave to deposit funds with the court. These attempts have thus far been unsuccessful. *See Brady v. Basic Research, LLC*, --- F.R.D. ---, 2016 WL 462916, at *1–2 (E.D.N.Y. Feb. 3, 2016) (denying motion to deposit funds to moot plaintiff's claim in consumer-fraud action as improper purpose under Rule 67 and violation of "fair opportunity" standard in *Campbell-Ewald*); *Bais Yaakov of Spring Valley v. Varitronics, LLC*, 2016 WL 806703, at *1 (D. Minn. Mar. 1, 2016) (same in TCPA fax class action); *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016) (same).

1

In *Wilson v. Gordon*, 822 F.3d 934, (6th Cir. 2016), the Sixth Circuit effectively ended the procedural gamesmanship over pick-off attempts, holding that even where "[t]he parties [did] not dispute that all eleven named plaintiffs' individual claims became moot before the district court certified the class," the "picking-off" exception applied and allowed the named plaintiffs with moot individual claims to pursue class certification, which would "relate back" to the filing of the complaint, under *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980). The Sixth Circuit held this ruling was consistent with *Campbell-Ewald*, 136 S. Ct. at 672, which refused to put defendants "in the driver's seat" on class certification. *Id.* at 950.

The named plaintiffs in *Wilson* had filed a "contemporaneous" motion for class certification the same day as the complaint. *Id.* The Sixth Circuit recognized that "the district court in *Roper* already had denied the motion for class certification when the defendant sought to pick off the named plaintiff," while the district court in *Wilson* ruled on class certification *after* the plaintiffs' claims became moot. *Id.* at 948. It held there was "no distinction" there because "[i]n both scenarios, the defendant is on notice that the named plaintiff wishes to proceed as a class, and the concern that the defendant therefore might strategically seek to avoid that possibility exists." *Id.*

Thus, out of an abundance of caution, Plaintiff seeks to maintain this "placeholder" motion to protect against any alternative pick-off attempt. As the Sixth Circuit explained in *Wilson*, that court held long before *Campbell-Ewald* that where there "was no motion for certification pending when the [defendant] made its settlement offer" and the plaintiffs accepted the offer, the plaintiffs could not pursue class certification, *Brunet v. City of Columbus*, 1 F.3d 390, 400 (6th Cir. 1993), but that "where a settlement offer is made to a named plaintiff while a motion for class certification is pending" and the plaintiff refuses the offer, the plaintiff retains

2

standing to pursue class certification, even if the plaintiff's individual claim is technically "moot," *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005). The Sixth Circuit reasoned that "[i]f a tender made to the individual plaintiff while the motion for certification is pending could prevent the courts from ever reaching the class action issues, that opportunity is at the mercy of a defendant, even in cases where a class action would be most clearly appropriate." *Id.* (quoting *Brunet*, 1 F.3d at 400). In sum, Plaintiff seeks to maintain this placeholder motion for the same back-up protection the plaintiff enjoyed in *Wilson*. Plaintiff asks the Court to "stay briefing pending completion of discovery."

## II.   The elements for class certification are met.

### A.   <u>Proposed Class Definition</u>.

Plaintiff proposes the following class definition:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant did not have an established business relationship, and/or (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

A class of persons "sent" faxes is defined by "objective" criteria and thus "ascertainable." *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545 (6th Cir. 2014); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 525 (6th Cir. 2015) (class of persons who "purchased" product was ascertainable). Defendant sent Plaintiff and others standardized form advertisements. Plaintiff anticipates the proposed class definition will change after discovery defines the precise contours of the class and the advertisements that were sent. Plaintiff requests leave to submit a brief and other evidence in support of this Motion after discovery about the class elements.

**B.** **Numerosity.**

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least 40. Individual joinder of absent class members is impracticable.

**C.** **Commonality.**

Rule 23(a) requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires "only one common question to certify a class." *In re Whirlpool Corp. Front-Loading Washer Products Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (explaining test is qualitative, not quantitative, and "there need be only a single issue common to all members of the class"); *Kinder v. Northwestern Bank*, 278 F.R.D. 176, 183 (W.D. Mich 2011). Here, commonality is met because the Defendant engaged in a general policy that is the focus of the litigation by faxing form advertisements to persons on a list generated by Defendant and/or a third party without prior express invitation or permission to send Defendant's advertisement by fax and without the proper opt-out notice required by federal statute and regulations. *See* 47 U.S.C. § 227(b)(1)(C); 47 C.F.R. 64.1200(a)(4)(iii).

**D.** **Typicality.**

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise from Defendant's fax campaign. Thus, all class member claims' arise from the same transaction or occurrence.

**E.** **Adequacy of Representation.**

4

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class.

**F.    Predominance.**

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate.

**G.    Superiority.**

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997).

## Conclusion

Plaintiff respectfully requests the Court allow this "placeholder" motion for class certification to remain pending to protect against any alternative pick-off attempt following the Supreme Court's decision in *Campbell-Ewald*. The proposed class meets the requirements of Rules 23(a), (b)(3) and (g). Plaintiff requests that, following discovery and further briefing, the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel. Plaintiff will file its memorandum of law in support of its Motion after Rule 23 discovery has been completed. The parties need to meet and confer and propose a

discovery schedule with this Court and Plaintiff respectfully requests a status conference with the

Court as soon as practicable to set a discovery schedule on Plaintiff's Rule 23 Motion.

Respectfully submitted,

SANDUSKY WELLNESS CENTER, LLC,
individually and as the representative of a class of
similarly-situated persons

By: */s/ Matthew E. Stubbs*
Matthew E. Stubbs – Ohio Bar #0066722
MONTGOMERY JONSON LLP
600 Vine Street, Suite 2650
Cincinnati, OH 45202
Telephone: 513-241-4722
Fax: 513-786-9227
mstubbs@mojolaw.com

and

Ryan M. Kelly (*pro hac vice to be submitted*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501
rkelly@andersonwanca.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and a copy will be served upon Defendant(s) along with the Summons and Complaint.

<u>  /s/Matthew E. Stubbs          </u>